PONDER, Judge,
concurring.
I concur in the result.
However, giving heed to the admonition of the Supreme Court in Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978) that legislation is a primary source and cases a secondary source of law, I would hold that the lien affidavit would have to be filed “within 60 days after the date of the last delivery of all material upon the said property ... by the said furnisher of material....”[1] Plaintiff last delivered *181 material on October 23, 1978. I believe the statute to say that the lien affidavit, to be effective, would have to be filed within 60 days thereafter.

. La.R.S. 9:4812:
“When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into or when a contract has been entered into but has not been recorded, as and when required, the owner or his authorized agent may file an affidavit that the work has been completed, then any person furnishing service or material or performing any labor on the said build *181 ing or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, an affidavit of his claim, which recordation, if done within sixty days after the date of the affidavit of completion or if no affidavit of completion is filed within sixty days after the date of the last delivery of all material upon the said property or the last furnishing of services or the last performance of labor upon the same, by the said furnisher of material or services or the said laborer, shall preserve a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have furnished service or material or performed any labor in connection with the said work or improvement, as his interest may appear. ****’’